## UNITED STATES DISTRICT COURT
## DISTRICT OF MINNESOTA

---

Jessica R. H.,                                              No. 22-cv-3091 (DLM)

        Plaintiff,

v.                                                              **ORDER**

Martin J. O'Malley, Commissioner of
Social Security Administration,

        Defendant.

---

Pursuant to 42 U.S.C. § 405(g), Plaintiff Jessica H. seeks judicial review of the final decision of the Commissioner of Social Security ("Commissioner") denying her application for benefits. This matter is before the Court on the parties' cross-Motions seeking judgment on the administrative record. (Docs. 16 (Plaintiff's memorandum), 21 (Defendant's memorandum).) For the reasons below, the Court denies Plaintiff's motion, grants the Commissioner's motion, and dismisses this matter with prejudice.

## BACKGROUND

On October 16, 2020, Plaintiff applied for Disability Insurance Benefits ("DIB"), alleging she had been disabled since April 20, 2019, as a result of degenerative disc disease, chronic pain, lumbar facet arthritis, SI[1] joint arthritis, SI joint disfunction, migraines, depression, anxiety, fibromyalgia, asthma, and bursitis/arthritis of shoulder. (Tr.[2] at 195–207, 255.) The Social Security Administration ("SSA") denied her claim initially (Tr. at 79), and on reconsideration (Tr. at 97). Plaintiff then timely requested a hearing before an Administrative Law Judge ("ALJ"), and the ALJ held a hearing on the matter on October 5, 2021. (Tr. at 31–61). An attorney represented Plaintiff at the hearing, and Plaintiff testified on her own behalf. (Tr. at 34, 39–53.)

On January 31, 2022, the Commissioner sent a notice of an unfavorable decision to Plaintiff. (Tr. at 8–33.) The ALJ's decision recognized that Plaintiff suffered from the following severe impairments: degenerative disc disease of the lumbar spine, thoracic facet arthropathy, and bilateral sacroiliac joint dysfunction with sacroiliitis. (Tr. at 13.) The ALJ also found that Plaintiff had multiple non-severe impairments, including left shoulder bursitis, migraine headaches, asthma, and anxiety. (Tr. at 13–14.)

---

[1] "SI" refers to the sacroiliac joint, which is between the sacrum and ilium bones in the pelvis. *Sacroiliac Joint Pain*, National Library of Medicine, National Center for Biotechnology Information, https://perma.cc/9VDS-NR87 (last updated Aug. 14, 2023).

[2] The Commissioner filed the consecutively paginated transcript of the administrative record on April 7, 2023. (Doc. 9.) For ease of reference, citations to the transcript will identify the page number listed on the lower right corner of the cited document rather than docket page number or exhibit number.

The ALJ determined that Plaintiff is not disabled despite her impairments. (Tr. at 25.) In so doing, the ALJ concluded that Plaintiff retains the residual functional capacity ("RFC") to perform light work as defined in 20 C.F.R. § 404.1567(b)[3] with the following limitations: lift and/or carry up to 10 pounds occasionally and less than 10 pounds frequently; sit for about six hours in an eight-hour workday, with normal breaks; stand or walk for six hours in an eight-hour workday; no climbing of ladders, ropes, or scaffolds, but occasional climbing of ramps or stairs; occasionally able to balance, stoop, kneel, crouch, and crawl; and only occasional exposure to hazards such as dangerous moving machinery and unprotected heights. (Tr. at 15.) The ALJ credited the testimony of the vocational expert that there are jobs in the national economy that Plaintiff can perform given these limitations. (Tr. at 21–22.)

Plaintiff challenges five aspects of the ALJ's decision. First, Plaintiff argues that the ALJ did not properly consider the effect of Plaintiff's chronic pain on her ability to stand, sit, and walk. Second, Plaintiff argues that the ALJ erred at step two of the sequential analysis[4] by finding that Plaintiff's shoulder impairment is not severe. Plaintiff points out

---

[3] By regulation, light work involves lifting no more than 20 pounds at a time with frequent lifting or carrying of objects weighing up to 10 pounds. 20 C.F.R. § 404.1567(b). "[A] job is in this category when it requires a good deal of walking or standing, or when it involves sitting most of the time with some pushing and pulling of arm or leg controls." *Id.*

[4] Step one of this process involves determining whether a claimant is engaged in substantial gainful activity. 20 C.F.R. § 404.1520(a)(4)(i). If not, the ALJ must next decide (in step two) whether the claimant's impairments are severe, and of a duration of at least 12 continuous months. *Id.* § 404.1520(a)(4)(ii). At step three, the ALJ determines whether the claimant's impairments are severe enough to equal a listed impairment under Appendix 1 to Subpart P of Part 404. *Id.* § 404.1520(a)(4)(iii). If so, the claimant is considered disabled

that a magnetic resonance imaging ("MRI") scan of her left shoulder showed bursitis and small tears of a tendon in the rotator cuff area of her shoulder, and that her physician-prescribed occupational therapy included strength and range of motion for her shoulders. Third, Plaintiff contends that ALJ again erred at step two by finding that her migraines were not a severe impairment, and that the ALJ failed to consider the limiting effects of those migraines in formulating the RFC. Fourth, Plaintiff asserts that the ALJ improperly determined that she could perform full-time work, ignoring medical evidence that Plaintiff's pain would prevent her from competitive employment. Finally, Plaintiff argues that the ALJ improperly discounted the opinions of Plaintiff's treating medical providers.

## ANALYSIS

This Court reviews an ALJ's denial-of-benefits decision to determine whether it is supported by substantial evidence in the record as a whole, and whether the decision is infected by legal error. 42 U.S.C. § 405(g); *Austin v. Kijakazi*, 52 F.4th 723, 728 (8th Cir. 2022). Substantial evidence means "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Biestek v. Berryhill*, 139 S. Ct. 1148, 1154 (2019) (internal quotations omitted); *see also Nash v. Comm'r, Soc. Sec. Admin*, 907 F.3d 1086, 1089 (8th Cir. 2018) (characterizing "substantial evidence" as "less than a preponderance, but enough that a reasonable mind would find it adequate to support the

---

without further inquiry. If not, the ALJ must determine the claimant's RFC, and decide (at step four) whether the claimant can still do their past work given their limitations. *Id.* § 404.1520(a)(4)(iv). Finally, if the ALJ concludes a claimant cannot perform their prior work, step five requires the ALJ to determine whether they can do other work considering their RFC, age, education, and work experience. *Id.* § 404.1520(a)(4)(v).

Commissioner's conclusions"). Courts reviewing ALJ decisions must look to the entire administrative record to determine whether it contains sufficient evidence to support the ALJ's conclusion. *Grindley v. Kijakazi*, 9 F.4th 622, 627 (8th Cir. 2021). If substantial evidence supports the ALJ's decision, the Court will not reverse, even if substantial evidence also supports a contrary outcome. *Nash*, 907 F.3d at 1089.

## I.     Substantial evidence in the record supports the ALJ's RFC determination.

Plaintiff's first argument is that substantial evidence in the record does not support the RFC, because the ALJ did not consider the limiting effects of her chronic pain on her ability to stand, walk, and sit. *See* 20 C.F.R. § 404.1545(e) (providing that the ALJ "will consider the limiting effects of all your impairment(s), even those that are not severe, in determining your residual functional capacity"). Plaintiff contends that the ALJ was required to point to medical evidence in the record establishing her ability to function in the workplace. In essence, Plaintiff's argument is that the ALJ erred by discounting her subjective complaints and determining that the evidence in the record did not bear out her claim of disabling pain.

Plaintiff points to no specific medical evidence establishing her inability to stand, walk, or sit. Although providers occasionally noted that Plaintiff shifted positions (Tr. at 849), this observation is not consistently present throughout Plaintiff's medical records. Rather, the evidence on which Plaintiff relies for this argument is primarily her own testimony. (Tr. at 49.)

Plaintiff bears the burden to prove her functional limitations. *Pearsall v. Massanari*, 274 F.3d 1211, 1218 (8th Cir. 2001). "The ALJ must determine [Plaintiff's] RFC based on

all relevant evidence, including medical records, observations of treating physicians and others, and [Plaintiff's] own descriptions of [her] limitations." *Baldwin v. Barnhart*, 349 F.3d 549, 556 (8th Cir. 2003).

The medical records do not support Plaintiff's claimed inability to sit, stand, or walk. The ALJ noted that Plaintiff occasionally presented with an antalgic gait, but also had generally intact strength in both her upper and lower extremities. (Tr. at 17.) The objective evidence established only mild abnormalities in her spine and sacroiliac joints, and Plaintiff's providers "have pursued a variety of relatively conservative treatment options in attempting to control her pain." (*Id.*) The ALJ also noted that Plaintiff's activities of daily living, including her ability to work as a cashier 23 hours a week, perform household chores, and socialize frequently, demonstrated that Plaintiff's claims regarding her pain were not entirely credible. (*Id.* at 17–18.) Beyond all this, the ALJ took Plaintiff's complaints into account in imposing greater restrictions on her ability to function than other reviewers imposed. (*Id.* at 17.)

As noted above, "substantial evidence" is enough evidence that reasonable minds would accept the conclusion reached as supportable. *Biestek*, 139 S. Ct. at 1154. The question here is whether reasonable minds would accept, on this record, the ALJ's conclusion that Plaintiff retained the ability to sit, stand, and walk for the time provided in the RFC. In making this determination, the Court is mindful that the ALJ's decision should be reversed only if it falls outside "the available zone of choice," meaning that the ALJ's decision is not among the reasonable conclusions that can be drawn from the record evidence. *Buckner v. Astrue*, 646 F.3d 549, 556 (8th Cir. 2011) (quoting *Bradley v. Astrue*,

6

528 F.3d 1113, 1115 (8th Cir. 2008)). Because the ALJ properly considered all relevant factors and the medical evidence in the record in determining Plaintiff's RFC—including evidence on her ability to sit, stand, or walk—her challenge to the RFC on this ground fails.

## II. The ALJ properly determined that Plaintiff's shoulder impairment and migraines were non-severe impairments.

Plaintiff's second and third arguments are that the ALJ erred at step two of the sequential analysis by determining that her shoulder impairment and migraines were not severe impairment.[5] As the ALJ properly noted, an impairment is severe only if it significantly limits Plaintiff's ability to work and lasts, or is expected to last, for at least 12 consecutive months. 42 U.S.C. § 423(d)(1)(A).

There is little medical evidence in the record regarding Plaintiff's shoulder issues. Plaintiff underwent an MRI in 2020, which revealed "mild degenerative changes" in her shoulder joints, bursitis, and "[s]mall partial-thickness tears" of a shoulder tendon. (Tr. at 626–27.) Plaintiff claims that she addressed shoulder strength and range of motion in physical therapy during the relevant time. And several physical therapy notes mention a "deficit" in "R arm pronation." (*See* Tr. at 463, 465.) One note also states that part of Plaintiff's treatment was "[Range of Motion] for neck, shoulders, and hips." (Tr. at 463.) But Plaintiff did not mention shoulder pain or range-of-motion issues to her physician in a follow-up appointment during this same time period. (Tr. at 464–65.)

---

[5] Plaintiff does not argue that her shoulder impairment and migraines meet or medically equal the criteria of a listed impairment and thus does not challenge the ALJ's decision at step three of the sequential evaluation.

Only Plaintiff's hearing testimony supports her claim that her shoulder issues are significantly limiting. (Tr. at 47–48.) But "statements about your pain or other symptoms" are not sufficient. 20 C.F.R. § 416.929(a). Rather, "[t]here must be objective medical evidence from an acceptable medical source that shows you have a medical impairment(s) which could reasonably be expected to produce the pain or other symptoms alleged." *Id.* And although "an ALJ may not disregard subjective pain allegations solely because they are not fully supported by objective medical evidence, an ALJ is entitled to make a factual determination that a [plaintiff's] subjective pain complaints are not credible in light of objective medical evidence to the contrary." *Ramirez v. Barnhart*, 292 F.3d 576, 581 (8th Cir. 2002) (internal citation omitted). Because the record reflects that Plaintiff had only isolated issues with her shoulder, and only occasionally demonstrated "a mild strength deficit or a limited range of motion" in her shoulder (Tr. at 13), substantial evidence supports the ALJ's determination that her shoulder impairment is not severe.

The same is true for Plaintiff's migraines. At the hearing, Plaintiff testified that she had one or two migraines per month lasting three to five days each. (Tr. at 50.) But the only medical evidence in the record on her migraines is a neurological consultation in October 2019 and single visit to the emergency room in October 2020. (Tr. at 400–04, 510–11.)

In 2019, Plaintiff told a neurologist that she suffered migraines three to four days per week. (*Id.* at 510.) She indicated, however, that she had missed only four days of work that year. (*Id.*) The dosage of her migraine medication was increased at that visit. (*Id.*) The records do not show any additional treatment for migraines until the emergency-room visit approximately a year later. (Tr. at 400–04.) The medical records also contain no evidence

of any follow-up appointments for her migraines despite instructions for such follow-up in the discharge notes. (*Id.* at 404.)

Because the only evidence in the record that migraines caused Plaintiff any ongoing limitations is Plaintiff's own subjective complaints, the ALJ properly determined that Plaintiff's migraines were not severe. *See* 20 C.F.R. § 416.929(a). The Court thus finds that substantial evidence supports this determination.

## III.   Substantial evidence supports the ALJ's determination that Plaintiff could perform full-time work.

Plaintiff asserts that the ALJ improperly evaluated the evidence in the record and improperly discounted Plaintiff's subjective complaints of pain in determining that Plaintiff had the capacity to perform full-time, competitive employment. Plaintiff insists that her pain would prevent her from such employment, asserting that she "required several emergency room visits" during the period at issue, in addition to pain-clinic treatment, physical and occupational therapies, and nerve block injections. (Doc. 16 at 3.)

The ALJ determined that the evidence in the record was inconsistent with regard to the limiting effects of Plaintiff's pain. Although Plaintiff claims to have visited the emergency room on several occasions, only two such visits are in the record. The first is on the alleged onset date (Tr. at 577–78, 583); the second was in August 2020. (Tr. at 411–16.) And while Plaintiff did often complain of back, neck, and hip pain, the record is replete with evidence that her pain was not as severe as her testimony indicated. (*See, e.g.*, Tr. at 402–03 ("Normal range of motion" on musculoskeletal exam, cervical back was "Normal" with "normal range of motion," and gait was "normal"); Tr. at 418 (sensation and reflexes

were intact and symmetrical, though Plaintiff was "tender to palpation" and some range of motion was "restricted"); Tr. at 566 (negative straight-leg raise tests); Tr. at 568 (experiencing "[n]o tenderness in the back" and "[o]nce she is walking she walks pretty good"); Tr. at 846–47 (no tenderness to palpation, some pain in flexion and extension but good side bending and rotation, and good range of motion in hips and knees); Tr. at 567 (Plaintiff has "[c]hronic low back pain without currently any constant pain, paresthesias, weakness, or radiation down bilateral lower limbs").)

Moreover, MRI testing revealed only mild abnormalities, leading her providers to treat her pain conservatively, prescribing physical therapy. (Tr. at 567.) The MRI showed no impingement on Plaintiff's cervical cord or her nerve root. (Tr. at 568.)

The ALJ also appropriately considered the *Polaski* factors in evaluating Plaintiff's testimony that she could not work and in determining the limiting effects of her pain. *See Polaski v. Heckler*, 739 F.2d 1320, 1322 (8th Cir. 1984) (requiring ALJ to consider (1) the plaintiff's daily activities; (2) the duration, frequency, and intensity of the plaintiff's pain; (3) any precipitating and aggravating factors; (4) the dosage, effectiveness, and side effects of medication; and (5) the plaintiff's functional restrictions). As discussed, the ALJ noted that Plaintiff's daily activities were not entirely consistent with her complaints, nor did the medical evidence bear out her claims regarding the duration, frequency, or intensity of her pain. (Tr. at 17–18.) The ALJ also considered that treatment for Plaintiff's pain had been conservative. (Tr. at 17.) And the ALJ considered Plaintiff's work history and her employer's report that she could perform the job at 100% of the productivity of other cashiers without frequent absences, assistance, or special working conditions. (Tr. at 18.)

There is enough evidence in the record that "a reasonable mind would find it adequate to support the [ALJ's] conclusions." *Nash*, 907 F.3d at 1089. The ALJ's determination that Plaintiff could perform full-time work is within "the available zone of choice" and, as such, will not be disturbed. *Kraus v. Saul*, 988 F.3d 1019, 1024 (8th Cir. 2021).

**IV.    The ALJ appropriately evaluated the opinions of Plaintiff's treating medical providers.**

Finally, Plaintiff argues that the ALJ improperly discounted the opinions of Plaintiff's treating providers. In May 2019, Dr. Neil Jonason indicated that Plaintiff should not sit "too long in one place," should not stand, and "should not be lifting." (Tr. at 570.) In August 2019, Dr. Jonason stated that Plaintiff "cannot lift heavy things." (Tr. at 539.) And in September 2021, Dr. Shivan Kulasingham opined that Plaintiff should not work more than 23 hours a week and should not lift more than five pounds. (Tr. at 871.)

The ALJ fully considered these providers' opinions and persuasively explained the reasons for not fully crediting them. Dr. Jonason's May 2019 recommendation, for example, was made immediately before Plaintiff underwent an MRI to determine the cause of her back pain. (Tr. at 20.) Thus, the ALJ found that this opinion was "best understood as a treatment recommendation to prevent possible worsening of the claimant's condition while her reports of back and hip pain were being investigated rather than as a considered opinion of her maximum capacity to engage in basic physical work activities." (*Id.*) Likewise Dr. Jonason's comment that Plaintiff could not lift "heavy things" the ALJ

11

explained was "vague" and did "not identify the claimant's maximum capacity to engage in basic work activities." (Tr. at 19.)

The ALJ also determined that Dr. Kulasingham's two-sentence opinion was not supported by his treatment notes, given that Plaintiff had begun treatment with Dr. Kulasingham only one week before the opinion in question. (Tr. at 19.) The ALJ noted that Dr. Kulasingham had conducted no objective testing, and questioned whether his opinions were "the product of his objective observations and independent judgment or the claimant's self-report of limitations." (*Id.*) Although Plaintiff interprets these providers' opinions differently, she has not demonstrated that the ALJ's evaluation of their opinions was "outside the available zone of choice." *Kraus*, 988 F.3d at 1024. Substantial evidence thus supports the ALJ's conclusion that the opinions of these providers were not entirely persuasive.

In sum, the ALJ's RFC and her determination that Plaintiff is not disabled is supported by substantial evidence in the record as a whole.

## ORDER

Based on the above, and on all the files, records, and proceedings in this case,

**IT IS ORDERED** that:

1.   Plaintiff Jessica R. H.'s Motion (Doc. 16) is **DENIED**;

2.   Defendant Martin J. O'Malley's Motion (Doc. 21) is **GRANTED**; and

3.   The matter is **DISMISSED WITH PREJUDICE**.

**LET JUDGMENT BE ENTERED ACCORDINGLY.**

DATED: March 6, 2024                              *s/Douglas L. Micko*
                                                  DOUGLAS L. MICKO
                                                  United States Magistrate Judge